IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL SANCHEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF PUERTO RICO et al., <br><br> Defendants. | **CIVIL NO. 06-2104 (CVR)** |

**OPINION AND ORDER**

**INTRODUCTION**

This is a civil rights action filed by Angel Sánchez and Tomasita Urbina, on behalf of their minor son José Miguel Sánchez-Urbina (hereafter "José Miguel"), under Title 42, United States Code, Section 1983 and for supplemental jurisdiction under Article 1802 of the Puerto Rico Civil Code. Hon. Rafael Aragunde, former Secretary of the Department of Education, and Elsa Iturrino (hereafter "Iturrino") are the parties against whom the case was filed. The case was tried before a jury from October 5, 2009 to October 14, 2009 and concluded with a verdict in plaintiff's favor. The jury awarded plaintiff José Miguel $10,000.00 in compensatory damages for Iturrino's violation, while acting under color of authority, of his federal and constitutional liberty rights; and $20,000.00 for punitive damages for Iturrino's gross negligence, reckless disregard or indifference to the rights and safety of José Miguel. The jury did not find Iturrino liable for negligence or omission under Article 1802 of the Puerto Rico Civil Code. (Docket No. 160).

On December 4, 2009, co-defendants Commonwealth of Puerto Rico, the Department of Education, through its Secretary in his official capacity and Iturrino in her personal capacity filed a "Motion for Judgment as a Matter of Law pursuant to FRCP 50." (Docket No. 171). On December 28, 2009, plaintiffs filed their opposition. (Docket No. 175). On January 7, 2010, the co-defendants filed a reply to plaintiffs' opposition. (Docket No. 178).

## ANALYSIS

**Renewed Motion under Fed.R.Civ.P. 50(b) for Judgment as a Matter of Law.**

After the conclusion of plaintiff's case, co-defendant Iturrino presented an oral motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure which was DENIED. (Docket No. 146).

Upon conclusion of defendant's presentation of the evidence, co-defendant Iturrino renewed her oral motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. Said motion was GRANTED as to the claims made by plaintiff under State Law 44 of July 2, 1984 inasmuch as there is no individual liability under Law 44. Accordingly, plaintiff's claims under State Law 44 were DISMISSED for lack of individual liability. Vélez-Nieves v. Microsoft Caribbean, Inc., 2006 WL 1805689 (D. Puerto Rico 2006). The renewed motion under Rule 50 was DENIED in all other respects. As to qualified immunity, the court reserved the issue. The district court may reserve the issue of qualified immunity of Iturrino until after the return of a verdict. See Sueiro Vázquez v. Torregrosa de la Rosa, 494 F.3d 227 (1st Cir. 2007); *see also* Sueiro Vázquez v. Torregrosa de la Rosa, 414 F.Supp.2d 124, 128-29 n. 4 (D. Puerto Rico 2006). (Docket No. 156).

Angel Sánchez, et al v. Commonwealth of Puerto Rico, et al
Civil No. 06-2104 (CVR)
Opinion and Order
Page 3

     Rule 50(b) states:

(b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment-and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:

(1) if a verdict was returned:

(A) allow the judgment to stand,

(B) order a new trial, or

(C) direct entry of judgment as a matter of law;

     In ruling upon this motion it has been held that "[a] court is without authority to set aside a jury verdict and direct the entry of a contrary verdict unless the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." Keisling v. SER-Jobs for Progress, Inc., 19 F.3d 755, 759-60 (1st Cir. 1994). Moreover, in determining if the standard has been met, the court is required to examine the evidence in the light most favorable to the non-moving party, and the non-moving party is entitled to "the benefit of all inferences which the evidence fairly supports, even though contrary inferences might reasonably be drawn." *Id.* at 760 (quoting Cochrane v. Quattrocchi, 949 F.2d 11 (1st Cir. 1991)).

     The standard for setting aside a jury verdict pursuant to Fed.R.Civ.P. 50(b) is a stringent one: the Court must deny the motion for judgment as a matter of law unless the evidence, together with all reasonable inferences in favor of the verdict, could lead a

reasonable person to only one conclusion, namely, that the there is a total failure of evidence to prove plaintiff's case. Lama v. Borrás, 16 F.3d 473, 477 (1st Cir. 1994). In reviewing the record, the Court will evaluate neither the credibility of the witnesses nor the weight of the evidence. Santiago-Negrón v. Castro-Dávila, 865 F.2d 431, 445 (1st Cir. 1989).

Co-defendant Iturrino now moves the Court to enter a judgment as a matter of law in her favor because the evidence points so robustly in her favor that no reasonable jury could have returned a verdict adverse to her on the section 1983 claim. Similarly, co-defendant Commonwealth of Puerto Rico and the Secretary of Education move the court to enter judgment in their favor dismissing the injunctive relief sought by plaintiff for lack of standing and for Eleventh Amendment.

A.   **Dismissal of Section 1983.**

Upon due consideration of the testimonial and documentary evidence presented at trial, the parties post-trial memoranda, and making all reasonable inferences in favor of the verdict, the Court finds the jury verdict is supported by the evidence, and hence **DENIES** the Rule 50(b) Motion, to the extent that the jury verdict must stand. We take into account that co-defendant Iturrino raised several defenses which were the object of many of the cross-examinations of plaintiff and their witnesses, and notwithstanding the details of such defenses which were also presented to the jury after plaintiff rested, I herein adopt my previous ruling on the motion brought pursuant to Rule 50(a), Federal Rules of Civil Procedure, particularly after the jury individually and meticulously considered each claim. The Court will not invade the jury's province to substitute its

Angel Sánchez, et al v. Commonwealth of Puerto Rico, et al
Civil No. 06-2104 (CVR)
Opinion and Order
Page 5

credibility determinations and reach an alternative judgment. Reviewing the undersigned's notes, defense arguments and the jury verdict, we cannot conclude the defense is entitled to judgment as a matter of law.

**B.     Request for Dismissal of Permanent Injunction.**

Plaintiffs in this case requested a permanent injunction "enjoining defendants from interfering with, coercing or intimidating plaintiff in the enjoyment of his federal rights and ordering the continued payment of the tuition and services at IMEI until José Miguel completes his educational program in that institution." Docket No, 1, page 14.

We agree with the co-defendants' argument that plaintiffs' request for declaratory, preliminary and injunctive relief against Rafael Aragunde in his official capacity as former Secretary of the Department of Education of the Commonwealth of Puerto Rico is not remedy at equity but remedy seeking monetary damages from the state which is precluded by the Eleventh Amendment. Moreover, any relief granted by this Court would be moot, inasmuch as plaintiff is no longer a student neither at the Dr. González School nor at IMEI. Hence, plaintiff will not benefit from an injunctive relief enjoining defendants from interfering with his federal rights and, thus, the only beneficiaries of said relief would be third persons. As indicated by the co-defendants, the Court has been clear pertaining the required standing of parties requesting relief. Parties requesting relief for third parties do not have standing for such request and, therefore the Courts must deny such requests. We agree that plaintiff has not shown that he is seeking to protect his own legal rights, but rather those of third persons, through the injunctive relief requested.

Accordingly, the request for dismissal of the injunctive relief is GRANTED.

## C. Qualified Immunity.

Finally, the Court will address one outstanding legal issue that falls outside the purview of the verdict rendered, to wit, whether qualified immunity is viable.

The doctrine of qualified immunity shields government officials from civil liability when they perform discretionary functions as long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). In defining the limits of this good-faith defense, the Supreme Court has stated that "[w]here an official could be expected to know that certain conduct would violate statutory or constitutional rights, ... a person who suffers injury caused by such conduct may have a cause of action." *Id*. at 819. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." Acevedo-García v. Vera-Monroig, 204 F.3d 1, 10 (1st Cir. 2000) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)).

Thus the court needs to determine (1) whether the constitutional right allegedly involved is a clearly established one; and (2) whether a reasonable official in the same circumstances would have understood that his or her conduct violated that right. Fletcher v. Town of Clinton, 196 F.3d 41, 48 (1st Cir. 1999). In other words, once it is determined that the alleged conduct violates a clearly established constitutional right, the court must still determine whether an objectively reasonable official with the information that he or

Angel Sánchez, et al v. Commonwealth of Puerto Rico, et al
Civil No. 06-2104 (CVR)
Opinion and Order
Page 7

she possessed at the time would have believed that his or her conduct was lawful. *See* McBride v. Taylor, 924 F.2d 386, 389 (1st Cir. 1991).

The qualified immunity defense recognizes an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

Co-defendant Iturrino contends she is entitled to qualified immunity because it is allegedly clear she did not violate any constitutional rights of plaintiff, and any actions taken by her were in accordance with the law, rules and regulations in effect at the time and the information she possessed at the time. Co-defendant Iturrino claims the information she had at the time was that José Miguel's father had consented to the construction of a gate and this action validated the action taken by the school officers. Thus, the consent of the father led any reasonable person in co-defendant Iturrino's position to believe that her conduct was lawful.

The jury has decided all pertinent questions of fact. The law applicable to this case under constitutional liberty rights is clearly established. The jury was properly instructed, pursuant to the instructions jointly submitted by the parties, on the law and damages. The jury heard the evidence, analyzed the same and decided against co-defendant Iturrino and

the defenses she raised. Based on the evidence on record, the conclusion reached by the jury is a plausible one.

Moreover, in order to award punitive damages in the instant case, the jury had to have first concluded that, under the factual circumstances of the case, co-defendant Iturrino knew that her actions were in violation of José Miguel's constitutional rights and that her intention was to violate plaintiff's rights.

The jury's finding for punitive damages against co-defendant Iturrino also reflects the jury found her to have been "motivated by evil motive or intent, or [that his conduct] involved a reckless or callous indifference to plaintiffs' federally protected rights". *See* Marin-Piazza v. Aponte-Roque, 873 F.2d 432, 435 (1st Cir. 1989) (the threshold standard for punitive damages "embrac[es] not only 'evil motive and intent' but also 'reckless or callous indifference to the federally protected rights of others.' ").

The fact that the jury awarded punitive damages after considering the factual circumstances of this case, assists the Court to find as a matter of law that co-defendant Iturrino is not entitled to qualified immunity.

In addition, Mr. Angel Sánchez testified under oath that he consented to the construction of the gate because it was part of a behavior modification plan in which all of the students in José Miguel's special education classroom would play in a created, secured, yard and would participate in recreational activities during lunch recess together with a Worker I assigned to the classroom. Mr. Sánchez' testimony was in agreement with the testimony of Dr. Migdalia Rosado who indicated that was her recommended behavior modification plan. Nonetheless, there was credible evidence presented to the jury that the

implementation of that plan by co-defendant Iturrino constituted a clear departure from the agreement inasmuch as a barred cage was built instead. This could have reasonably led the jury to believe that there was transgression of plaintiff´s clearly established liberty right. These facts, together with the fact that the law prohibiting restriction of liberty rights was clearly established, further assist this Court in finding as a matter of law that, under the factual circumstances of this case, co-defendant Iturrino knew she was violating José Miguel's constitutional rights.

In view of the foregoing, the affirmative defense of qualified immunity is **DENIED**.

## CONCLUSION

In view of the above, the co-defendants "Motion for Judgment as a Matter of Law pursuant to FRCP 50" (Docket No. 171) is **GRANTED IN PART AND DENIED IN PART** as follows:

- The dismissal of claims under Section 1983 is DENIED.
- The dismissal of claims under State Law 44 is GRANTED for lack of individual liability.
- The request for dismissal of injunctive relief is GRANTED.
- The request for qualified immunity is DENIED.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of January of 2010.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**